OPINION
On June 25, 1991, Thomas H. Moore was indicted by a Franklin County grand jury on six counts of rape, all alleged to have occurred on May 16 and 17, 1991. The indictment alleged that the same victim had been compelled to engage in three incidents of fellatio and three incidents of vaginal intercourse. Capable counsel was appointed to represent Mr. Moore.
Mr. Moore's case was scheduled for trial at the same time as the trial of three co-defendants who had been indicted under another case number. The state of Ohio then moved for joinder of the two cases. Joinder was granted over defense objection.
A jury ultimately found Mr. Moore guilty of all six charges. The trial judge sentenced Mr. Moore to a term of sixty to one hundred fifty years of incarceration. The judgment and sentence were affirmed on direct appeal in July of 1992.
In October of 1993, the judgment and sentence were reaffirmed following the filing of a motion seeking delayed reconsideration.
After the enactment of H.B. No. 180, Ohio's sexual predator law, Mr. Moore's case was scheduled before a different trial judge for a finding as to whether or not Mr. Moore should be classified as a sexual predator. Following a hearing held May 15, 2000, the judge ultimately made a determination that Mr. Moore should be so classified.
Thomas H. Moore (hereinafter "appellant") has timely appealed the sexual predator finding, assigning a single error for our consideration:
 The trial court's decision finding Appellant to be a "sexual predator" as defined by [R.C.] 2950.01(E) is contrary to the weight of the evidence.
A "sexual predator" is defined as a person "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Rape clearly qualifying as a "sexually oriented offense," the issue in a sexual predator hearing is whether the state has proven by clear and convincing evidence that the offender is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3); Statev. Cook (1998), 83 Ohio St.3d 404. "Clear and convincing evidence" is more than a preponderance of the evidence but does not rise to the level of evidence beyond a reasonable doubt. State v. Ingram (1992),82 Ohio App.3d 341, 346.
In making its determination that an offender is a sexual predator, R.C. 2950.09(C)(2)(b) provides that the court "shall consider all relevant factors, including, but not limited to, all of the factors specified" in R.C. 2950.09(B)(2), which are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexual oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The hearing to determine whether or not appellant is a sexual predator involved no live testimony. Instead, the only evidence presented was a series of documents, the admissibility of which was stipulated by the parties. The documents were: a certified copy of the indictment; a certified copy of a form reflecting the jury verdicts; a certified copy of the sentencing entry; a copy of the trial transcript; a copy of a form executed at the Warren Correctional Institution in which appellant refused participation in a sex offender program in 1993; a copy of a form executed in 1999 in which appellant again declined to participate in such programming and was considered evasive about the underlying offenses; a copy of a criminal record check for appellant; and, a copy of an assessment sheet prepared by a member of the Ohio Adult Parole Authority.
After the stipulation of evidence, the assistant prosecuting attorney representing the state emphasized the following factors: the age of the victim (fifteen); the cruelty of the offense, which involved the repeated raping of the victim by four men over a period of hours; appellant's refusal to participate in sexual offender programming; and, appellant's refusal to admit involvement in the offenses.
In response, defense counsel emphasized: appellant had committed no prior sex-related offenses; a lack of evidence of propensity to reoffend; the length of appellant's sentence to be served before he is released from state custody; and, appellant's good institutional record.
The trial court relied upon the factors argued by the state and found a pattern of abuse to have been demonstrated based upon the occurrences of May 16 and 17, 1991. As a result, the trial court found appellant to be a sexual predator.
Applying the R.C. 2950.09(B)(2) factors, we note the following evidence in the record before us.
Appellant was thirty-four years of age when he participated in the gang-rape of a fifteen-year-old. The rape involved beating the victim and six separate sexual assaults by appellant alone.
Appellant had previously been convicted of a felony theft charge and was sentenced to a term of two-to-five years at the Ohio State Reformatory. Apparently, the sentence was suspended and appellant successfully completed a year of probation over seven years before the present offenses.
Appellant was also convicted of domestic violence in 1986 and completed another period of probation. A number of aggravated burglary and theft charges which were pending when appellant was convicted of the rape charges were subsequently dismissed.
Appellant is now forty-three years of age. He seems to function well in the context of a maximum security facility. The records before us indicate that appellant still denies involvement in the crimes of which he was convicted nine years ago. The records also indicate that he functions intellectually on a fairly low level, possibly being borderline mentally retarded. He is not eligible for parole consideration until December of 2001.
The issue before the trial court was whether appellant is likely to commit another sexual offense once he is released from prison. The trial court had sufficient information before it which supports a finding that appellant is likely to commit such offenses in the future. Therefore, we cannot say that the trial court acted outside the bounds of its discretion in applying and weighing the relevant statutory factors in the manner it did.
The assignment of error is overruled.
Having overruled the assignment of error, the judgment of the trial court is affirmed.
 _______________ TYACK, J.
PETREE, J., and BOWMAN, P.J., concur.